The People of the State of New York, Respondent, *v.* Brisket Buyers Association of Greater New York, Inc., and Fourteen Others, Appellants, Impleaded with David Gerstein and Four Others, Defendants, and Max Brodie, Appellant.

First Department, December 23, 1938.

*Tobias N. Berger,* for all appellants, except Max Brodie.

*Maxwell B. Washor,* attorney for the appellant Max Brodie.

*Colin McLennan, Assistant Attorney-General,* of counsel [*John F. X. McGohey, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

PER CURIAM. The consent of the president of the membership corporation to the entry of judgment against the corporation is the only valid consent in this record. That such judgment may have some force against the individuals does not justify the entry of a personal judgment against the individual appellants by one whose authority to give consent had expired.

The order of November 26, 1937, denying motion to vacate the judgment entered May 21, 1937, and the order of March 18, 1938, adhering upon reargument to the original decision, should be reversed in so far as they denied the motion to vacate the judgment against the individual defendants, and the motion to that extent granted, and in other respects the said orders should be affirmed, with twenty dollars costs and disbursements to the appellants. The order of December 17, 1937, denying motion of defendant Brodie to vacate the judgment, should be reversed and the motion granted, without costs. The appeal from the order of January 8, 1938, denying motion for reargument should be dismissed, without costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur; DORE, J., dissents and votes for affirmance.

Dore, J. (dissenting). The decree which the defendants seek to set aside was a consent decree entered upon the written consent of the defendant association, duly acknowledged by its president before a notary public, on the verified statement of the president that the decree was duly authorized at a meeting of the association and the president authorized to sign the consent on behalf of the association. This court has dismissed an appeal from that judgment. The belated efforts of the defendants to suggest the consent was improperly procured through alleged misrepresentations of a disbarred lawyer are wholly unconvincing

Doubtless if the judgment were a consent judgment against the corporation for the payment of money it would not bind the individual members. But this decree merely enjoins the individual members and the association, defendants, from (1) illegal price fixing, (2) picketing for the purpose of coercion, and (3) intimidating manufacturers to buy from defendant association. Obviously such an injunction to be effective must bind the individual members who were defendants herein and against whom, as well as against the corporation, the judgment was issued. An injunction against illegal picketing would be meaningless unless it bound the individual members. This judgment by its terms did so. In any event, the decree prevents defendants from doing only unlawful acts.

The orders appealed from should be affirmed, with costs.

The order of November 26, 1937, denying motion to vacate the judgment entered May 21, 1937, and the order of March 18, 1938, adhering upon reargument to the original decision reversed in so far as they denied the motion to vacate the judgment against the individual defendants, and the motion to that extent granted, and in other respects the said orders are affirmed, with twenty dollars costs and disbursements to the appellants. The order of December 17, 1937, denying motion of defendant Brodie to vacate the judgment, reversed and motion granted, without costs. The appeal from the order of January 8, 1938, denying motion for reargument dismissed, without costs. Settle order on notice.